Entered: December 19th, 2018
Signed: December 18th, 2018

**SO ORDERED**



**DAVID E. RICE**
**U. S. BANKRUPTCY JUDGE**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
## AT BALTIMORE

In Re:   Nicole Bowers and Matthew Bowers       Case No. 18-18277-DER
                                                 Chapter 13

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

U.S. Bank Trust National Association, as
Trustee of the Tiki Series III Trust, Movant
(SN Servicing Corporation, Servicer)


vs.

Nicole Bowers, Debtor
aka Nicole A. Bowers
Matthew Bowers, Debtor
aka Matthew W. Bowers
                        Respondent(s)


### AGREED ORDER AND STIPULATION MODIFYING AUTOMATIC STAY

The Movant, U.S. Bank Trust National Association, as Trustee of the Tiki Series III
Trust, Movant (SN Servicing Corporation, Servicer) by its attorney, Joshua Welborn, Esq., and
the Debtors, Nicole Bowers and Matthew Bowers by their attorney, Adam M. Freiman, do
hereby consent to the following:

1.       The Automatic Stay of 11 U.S.C. §362 and 11 U.S.C. §1301 (if applicable) are
hereby terminated.  Movant agrees to forbear provided Debtor(s) comply(ies) with the terms of
this Order.

2.       The Debtors shall cure the post-petition arrears due of approximately $7,804.06,

18-602759

which include: payments in the amount of $1,238.02 for the months of July 2018 through December 2018, accumulated late charges in the amount of $104.94, attorney fees in the amount of $650.00; current bankruptcy fees and costs in the amount $831.00 and a suspense balance in the amount of $1,210.00.  The Debtors will make a payment of $3,615.00 on or before December 28, 2018. The debtor will make "additional" monthly payments of $698.18 commencing in **January 2019** and continuing each month thereafter for a total of four (4) months and $698.17 for the months for **May 2019** and continuing each month thereafter for a total for two (2) months until the arrears are paid in full.  **The "additional" payments must be received by the 15th day of the month.**  Note:  Should the Debtors provide sufficient proof of payments made but not yet credited by Movant, the above arrears will be adjusted accordingly.

3.      Commencing, in **January 2019** the Debtors shall resume making the regular monthly payments of $1,238.02, or as adjusted for interest rate or escrow changes and shall continue to be bound by all other provisions in the Note and Deed of Trust.  The regular payments are due on the 1st day of the month with a late charge assessed after the 15th.

4.      All payments tendered in accordance with this Order should be sent directly to U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE TIKI SERIES III TRUST, Movant at 323 5th Street, Eureka, California, 95501.

5.      Should the Debtor(s) default under Paragraph 2 or 3 herein, or should any payment be returned for insufficient funds, the Movant may file with the court and mail to the Debtor(s) and Debtor(s) attorney a Notice of Default and Notice of Termination of Automatic Stay.  Should the Debtor(s) then fail to cure the default including any amounts which have become due between the execution of the Notice and the expiration of the cure period, within ten (10) days from the date of the filing of the Notice, and/or should the Debtor(s) fail to file an opposition to the Default Notice pursuant to Bankruptcy Rule 4001(a)(3), the forbearance shall terminate without further court action and without further court order.  Should the Debtor(s) file an Objection, Response or Motion to Strike the Notice of Default, the Debtor(s) shall bear the burden of proof as to the inaccuracy of the Notice. **Any payment(s) tendered to cure a default arising under the provisions of this consent agreement must be in the form of certified or cashier's check or money orders.** Acceptance of a partial payment shall not be deemed to be a waiver of the termination of the forbearance as provided herein. If the Debtor(s) fail to cure the default noted, the Noteholder may proceed to enforce its rights, including but not limited to foreclosure, under the provisions of the Deed of Trust recorded among the land records of Baltimore County, Maryland, at Liber 0027344 and folio 179 and which is secured by the property of the Debtor(s) located at **3815 Rolling Way, Nottingham, Maryland 21236**.  The additional stay provided by Bankruptcy Rule 4001(a)(3) is hereby waived.

6.      Should there be more than two (2) defaults in payment as provided in this agreement, there shall be no ten day "cure period"; the Movant shall file the Notice of Default with the court and mail copies to the Debtor(s) and Debtor(s') attorney and the forbearance shall be terminated at the filing thereof without any further Court Order.  Movant may proceed with collection and/or foreclosure actions immediately.

7.      This agreement shall be and become null and void on the termination of this

bankruptcy proceeding.  Should the Debtor(s) convert to a Chapter 7 proceeding, the forbearance shall be immediately terminated and the repayment provisions herein shall be and become null and void.  This agreement shall apply to proceedings for possession of the real property after the foreclosure sale and shall apply to successors and/or assigns of Movant.

8.    The Movant and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement and/or loan modification or other loan workout/loss mitigation agreement which does not otherwise require court approval. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

SEEN AND APPROVED:

*/s/ Joshua Welborn, Esq. (Jwel)*
Joshua Welborn, Esq.
Attorney for Movant
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, Suite 800
Laurel, MD 20707

/s/ Adam M. Freiman
Adam M. Freiman
Attorney for Debtors
115 McHenry Ave.
Suite B4
Baltimore, MD 21208
adamfreiman@gmail.com

I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the court are identical to those set forth in the original consent order; and the signatures represented by the /s/_____ on the copy of the consent order submitted to the Court reference the signatures of consenting parties obtained on the original consent order.

*/s/ Joshua Welborn, Esq.*
Joshua Welborn, Esq.

Copies to:

Nicole Bowers
3815 Rolling Way
Nottingham, Maryland  21236

18-602759

Matthew Bowers
3815 Rolling Way
Nottingham, Maryland  21236


Copies were sent electronically thru the CM/ECF system to Adam M. Freiman, Attorney for Debtors and Robert S. Thomas, II, Chapter 13 Trustee.


**<u>End of Order</u>**

18-602759